**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| CHARLES SIMMONS, JR., **Plaintiff,** | ) | **No. 07 C 2564** |
| **v.** | ) | **Judge Milton L. Shadur** |
| THE VILLAGE OF RIVERDALE, DENNIS J. REILLY, Star #110, ANTHONY FIONDA, JAMES L. BEATTY, Star 141, DETECTIVE DEMPSEY, DETECTIVE GRAZIANO, and UNKNOWN RIVERDALE POLICE OFFICERS, **Defendants.** | ) | **Magistrate Judge Maria Valdez** |

## DEFENDANTS' ANSWER, AFFIRMATIVE DEFENSES AND JURY DEMAND

NOW COME Defendants, Dennis J. Reilly, Anthony Fionda, James L. Beatty, Detective Dempsey and Detective Graziano, in their individual capacity, and the Village of Riverdale, by and through their attorneys, Tribler Orpett & Meyer, P.C., and state the following for their Answer, Affirmative Defenses and Jury Demand to Plaintiff's Complaint:

### Introduction

1. This action is brought pursuant to 42 U.S.C. Sections 1983 and 1985 to redress the deprivation of, Plaintiff's rights as secured by the United States Constitution and pursuant to various pendent state law claims.

**ANSWER:** Defendants admit Plaintiff's complaint alleges claims under 42 U.S.C. 1983 and 1985, as well as various state law claims. Defendants deny the remaining allegations contained in paragraph 1.

### Jurisdiction and Venue

2. This Court has jurisdiction of the action pursuant to 28 U.S.C. Section 1331.

**ANSWER:** Defendants admit this court has jurisdiction over this action.

3 . Venue is proper under 28 U.S.C. Section 1391(b). All parties, upon information and belief, reside in this judicial district, and the events giving rise to the claims asserted herein occurred within district.

**<u>ANSWER</u>:** Defendants admit a venue is proper.

**Background**

4. Plaintiff, Charles Simmons, Jr., is a 21 year old African-American resident of Riverdale, Illinois. He is employed as a carpenter.

**<u>ANSWER</u>:** Defendants lack sufficient knowledge and information to form a belief as to the truth of the allegations contained within paragraph 4.

5. On June 25, 2005, between approximately 4:15 and 4:45 a.m., burglars broke into a laundromat at 160 W. 144th Street in Riverdale, Illinois, and removed a cash machine with a two wheeled dolly.

**<u>ANSWER</u>:** Defendants admit individuals, including Plaintiff, committed various criminal acts at the laundromat located at 160 W. 144th Street in Riverdale. Defendants lack sufficient knowledge and information to form a belief as to the truth of the remaining allegations of paragraph 5.

6. Riverdale police officers, including Defendants Reilly, Beatty and Fionda, arrived at the scene of the crime shortly thereafter.

**<u>ANSWER</u>:** Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegation of paragraph 6.

7. At approximately 7:00 a.m. that morning, Plaintiff Charles Simmons, Jr. left his residence at 45B W. Eggleston in Riverdale to go to a convenience store to get milk for his infant child.

**ANSWER:** Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegation of paragraph 7.

8. As Plaintiff walked up Indiana Avenue to the Fairplay Grocery Store at 144th Street, a white-shirted Dolton police officer in a marked car stopped Plaintiff, questioned him, and handcuffed him. The officer then placed him in the back of his squad oar and told him that Riverdale police would be arriving to question him.

**ANSWER:** Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegation of paragraph 8.

9. Two uniformed Riverdale police, believed to be Officers Reilly and Beatty, arrived in a marked car, put Plaintiff in the back of their squad car, and questioned him.

**ANSWER:** Defendants Reilly and Beatty admit they transported Plaintiff in a squad car and spoke to Plaintiff. Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegation of paragraph 9.

10. These officers asked Plaintiff where he was coming from, stated that they did not believe his story, accused him of playing games, and told him he had one more chance to "tell the truth."

**ANSWER:** Defendants deny the allegations in paragraph 10.

11. These officers then drove off with Plaintiff to a house on Edbrook, stopping at a building where a number of police and, two civilians had congregated. Another police officer walked up to the squad car and called Plaintiff a "stupid motherfucker." The officers then drove Plaintiff to the police station, driving by the laundromat en route.

**ANSWER:** Defendants admit Plaintiff was transported to a home on Edbrooke Street, identified by Plaintiff as a home from which he had recently come, and thereafter Plaintiff was transported to the Riverdale Police Station. Defendants deny the remaining allegations of paragraph 11.

12. Upon arrival at the police station, the officers, again believed to be Defendants Reilly and Beatty, placed Plaintiff in a cell and removed his hand cuffs. The officers then left the cell.

**ANSWER:** Defendants admit Plaintiff was processed and placed in lockup. Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegation of paragraph 12.

13. Plaintiff remained in the cell for a lengthy period of time until two detectives came into the cell; one of whom Plaintiff knew as "Rooky," and whom Plaintiff believes is Defendant Graziano. Upon information and belief, the other detective was Defendant Dempsey.

**ANSWER:** Defendants admit Plaintiff remained in a cell for some period of time. Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegation of paragraph 13.

14. Defendant Graziano took Plaintiff to an interrogation room and handcuffed him to a ring on the wall.

**ANSWER:** Defendants deny the allegations in paragraph 14.

15. While in the interrogation room, the Defendant detectives told Plaintiff words to the effect of the following:

a. don't care if you did, it or not, you need to tell us what's going on;"
b. that they were going to pin the burglary on Plaintiff; and
c. that they "knew" Plaintiff broke into the laundromat, and to tell thorn [sic] who was with him.

**ANSWER:** Defendants admit Plaintiff was questioned by detectives, but lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegation of paragraph 15.

16. While in the interrogation room Defendant Dempsey came in with a blank confession form and told Plaintiff to sign it. Plaintiff refused. The detectives told Plaintiff to sign a Miranda card, which Plaintiff did, but the detectives did not in fact read him his rights.

**ANSWER:** Defendants deny the allegations in paragraph 16.

17. After Plaintiff refused to sign the blank confession form, Defendant Graziano told him that he would "fuck him up" and "jump on him."

**ANSWER:** Defendants deny the allegations in paragraph 17.

18. The detectives then left the room, and Plaintiff heard the air conditioning come on. It remained on for the nest [sic] next hour while Plaintiff sat alone in the interrogation room, which became unduly cold.

**ANSWER:** Defendants deny the allegations in paragraph 18.

19. After about an hour, the detectives returned and again demanded that Plaintiff sign the blank form or they would "beat his ass." They also told Plaintiff that they knew he did it and would show him a videotape.

**ANSWER:** Defendants deny the allegations in paragraph 19.

20. The detectives then took Plaintiff to a break room where about six other officers were present and played a store security videotape on a TV in the room. After viewing the videotape, all of the officers told Plaintiff that he was the burglar shown in the videotape. The other officers then left, leaving Plaintiff with the detectives.

**ANSWER:** Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegation of paragraph 20.

21. After the other officers left, detective Dempsey swore at Plaintiff and slapped his face. Detective Graziano then struck Plaintiff's jaw with his fist, which cracked one of Plaintiff's teeth.

Dempsey then kicked Plaintiff in the groin, causing Plaintiff to fall to the floor, whereupon Dempsey kicked him in the side.

**ANSWER:** Defendants deny the allegations in paragraph 21.

22. The detectives then took Plaintiff back to the cell, and Graziano took Plaintiff's shoes and shirt. Graziano swore at Plaintiff and told him he should have signed the form and that they would put brick dust on his shoes and shirt to link him to the crime.

**ANSWER:** Defendants deny the allegations in paragraph 22.

23. The detectives told the officers coming on for the next shift not to give Plaintiff, who was now shirtless, a blanket because he "didn't deserve it." Nonetheless, a supervisor later came to the cell and gave Plaintiff a blanket after calling him a 'stupid fuck."

**ANSWER:** Defendants deny the allegations in paragraph 23.

24. Plaintiff spent the night in the cell and was not photographed until the next morning before he was taken to Markham for a bond hearing.

**ANSWER:** Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegation of paragraph 24.

25. Plaintiff was taken from the bond hearing to Cook County Jail, where he spent approximately the next seven months until his family was able to post his bond.

**ANSWER:** Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegation of paragraph 25.

26. On July 22, 2005, Defendant Reilly testified before a grand jury that the laundromat security videotape "clearly" showed that Plaintiff was one of the burglars who removed the cash machine from the laundromat. The grand jury indicted Plaintiff.

**ANSWER:** Defendants admit Reilly testified at a preliminary hearing concerning Plaintiff's depiction on a security video recording. Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations.

27. Plaintiff's criminal case went to trial on or about June 20, 2006. Neither Detective Graziano nor Detective Dempsey testified at his trial.

**ANSWER:** Defendants admit the allegations contained in paragraph 27.

28. Several police officers testified at Plaintiff's trial that they saw him running through yards on the morning of the burglary.

**ANSWER:** Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegation of paragraph 28.

29. After the officers testified, the judge reviewed the videotape, and then dismissed the charges against Plaintiff in a manner indicative of innocence.

**ANSWER:** Defendants lack sufficient knowledge and information to form a belief as to the truth of the allegations contained in paragraph 29.

**Count I - 42 U.S.C. Section 1983**
**Excessive Force**

30. Each of the Paragraphs of this Complaint is incorporated as if restated fully herein.

**ANSWER:** Defendants incorporate their answers to paragraphs 1-29 as though fully set forth herein.

31. As described above, the Defendant officers intentionally threatened Plaintiff with physical violence, struck him with fists and kicked him.

**ANSWER:** Defendants deny the allegations in paragraph 31.

32. As a result of the Defendant officers' unjustified and excessive use of force, Plaintiff suffered great mental anguish, humiliation, degradation, physical and emotional pain and suffering, and other consequential damages.

**ANSWER:** Defendants deny the allegations in paragraph 32.

33. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

**ANSWER:** Defendants deny the allegations in paragraph 33.

34. The misconduct described in this Count was undertaken pursuant to the policy and practice of the Riverdale Police Department in that:

a. As a matter of both policy and practice, the Riverdale Police Department directly encourages, and is thereby the moving force behind, the very type of misconduct at issue here by failing to adequately train, supervise and control its officers, such that its failure to do so manifests deliberate indifference;

b. As a matter of both policy and practice, the Riverdale Police Department facilitates the very type of misconduct at issue here by failing to adequately punish and discipline prior instances of similar misconduct, thereby leading Riverdale Police Officers to believe their actions will never be scrutinized and, in that way, directly encouraging future abuses such as those affecting Plaintiff; specifically, Riverdale police Officers accused of excessive force can be confident that the Riverdale Police Department will not investigate those accusations in earnest, and will refuse to recommend discipline even where the officer has engaged in excessive force;

c. Generally, as a matter of widespread practice so prevalent as to comprise municipal policy, officers of the Riverdale Police Department abuse citizens in a manner similar to that alleged by Plaintiff in this Count on a frequent basis, yet the Riverdale Police Department makes findings of wrongdoing in disproportionately small number of cases;

d. Municipal policy-makers are aware of, and condone and facilitate by their inaction, a "code of silence° in the Riverdale Police Department, by which officers fail to report misconduct committed by other officers, such as the misconduct at issue in this case;

e. The Village of Riverdale has failed to act to remedy the patterns of abuse described in the preceding subparagraphs, despite actual knowledge of the same, thereby causing the types of injuries alleged here;

**ANSWER:** Defendants deny the allegations in paragraph 34 including subparts (a) through (e).

35. As a result of the above-described wrongful conduct, as well as the Village of Riverdale's policy and practice, Plaintiff has suffered damages, including, but riot [sic] not limited to, physical pain and injuries, and mental stress and anguish.

**ANSWER:** Defendants deny the allegations in paragraph 35.

**COUNT II -- 42 U.S.C. Section 1983**
**False Arrest/False Imprisonment**

36. Each of the foregoing Paragraphs is incorporated as if restated fully herein.

**ANSWER:** Defendants incorporate their answers to paragraphs 1-36 as though fully set forth herein.

37. Plaintiff was seized, arrested, placed into a police car, and incarcerated by the officers, despite their knowledge that there was no probable cause for doing so.

**ANSWER:** Defendants deny the allegations in paragraph 37.

38. In the manner described in the preceding paragraph, the subject officers unlawfully restrained Plaintiff's freedom of movement, Said actions were taken pursuant to a policy and practice of the Riverdale Police Department in the manner described above.

**ANSWER:** Defendants deny the allegations in paragraph 38.

39. The subject officers' actions set forth above were undertaken intentionally, with malice and reckless indifference to Plaintiff's rights.

**ANSWER:** Defendants deny the allegations in paragraph 39.

**COUNT III --C State Law Claim**
**Malicious Prosecution**

40. Each of the foregoing Paragraphs is incorporated as if restated fully herein.

**ANSWER:** Defendants incorporate their answers to paragraphs 1 through 40 as though fully set forth herein.

41. Plaintiff was improperly subjected to judicial proceedings for which there was no probable cause. These judicial proceedings were instituted and continued maliciously, resulting in injury, and all such proceedings were terminated in Plaintiff's favor in a manner indicative of innocence.

**ANSWER:** Defendants deny the allegations in paragraph 41.

42. The Defendants accused Plaintiff of criminal activity knowing those accusations to be without probable cause, and they made written and other statements with the intent of exerting influence to institute and continue judicial proceedings.

**ANSWER:** Defendants deny the allegations in paragraph 42.

43. Statements of the Defendants regarding Plaintiff's alleged culpability were made with knowledge that the statements were false and perjured. In so doing, the Defendants fabricated evidence and withheld exculpatory information.

**ANSWER:** Defendants deny the allegations in paragraph 43.

44. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

**ANSWER:** Defendants deny the allegations in paragraph 44.

45. As a result of the above-described wrongful infringement of Plaintiff's rights, he has suffered financial and other damages, including, but not limited to, physical pain and injuries and mental stress and anguish.

**ANSWER:** Defendants deny the allegations in paragraph 45.

46. The misconduct described in this Count was undertaken by the individual Defendants within the scope of their employment such that their employer, the Village Of Riverdale, is liable for their actions.

**ANSWER:** Defendants deny they engaged in any misconduct, but admit that actions with respect to Plaintiff were taken within the scope of their employment as police officers for the Village of Riverdale.

**COUNT IV -- 42 U.S.C. 5 1983**
**Due Process**

47. Each of the Paragraphs of this Complaint is incorporated as if restated fully herein.

**ANSWER:** Defendants incorporate their answers to paragraphs 1 through 47 as if fully set forth herein.

48. As described more fully above, all of the Defendants, while acting individually, jointly, and in conspiracy, as well as under color of law and within the scope of their employment, deprived Plaintiff of his constitutional right to a fair trial.

**ANSWER:** Defendants deny the allegations in paragraph 48.

49. In so doing, the Defendants deliberately withheld exculpatory evidence, as well as fabricated false reports and other evidence, thereby misleading and misdirecting the criminal prosecution of Plaintiff. Absent this misconduct, the prosecution of Plaintiff could not and would not have been pursued.

**ANSWER:** Defendants deny the allegations in paragraph 49.

50. As described more fully above, several of the Defendants also committed perjury in the role of complaining witnesses, both pre-trial and at trial, thereby violating Plaintiff's constitutional rights. Absent this perjured testimony, Plaintiff could not have been prosecuted.

**ANSWER:** Defendants deny the allegations in paragraph 50.

51. As a result of this violation of his constitutional right to a fair trial. Plaintiff suffered injuries, including, but not limited to, emotional distress.

**ANSWER:** Defendants deny the allegations in paragraph 51.

52. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to Plaintiff's constitutional rights.

**ANSWER:** Defendants deny the allegations in paragraph 52.

53. The misconduct described in this Count was undertaken pursuant to the policy and practice of the Riverdale Police Department in the manner described more fully above.

**ANSWER:** Defendants deny the allegations in paragraph 53.

**Count V -- Section 1985(3) Conspiracy**
**Conspiracy to Deprive Constitutional Rights**

54. Each of the Paragraphs of this Complaint is incorporated as if restated fully herein.

**ANSWER:** Defendants incorporate their answers to paragraphs 1 through 54 as if fully set forth herein.

55. As described more fully above, each of the Defendants conspired, directly or indirectly, for the purpose of depriving Plaintiff of Equal Protection of the law.

**ANSWER:** Defendants deny the allegations in paragraph 55.

56. In so doing, Defendants took actions in furtherance of this conspiracy, causing injury to Plaintiff.

**ANSWER:** Defendants deny the allegations in paragraph 56.

57. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

**ANSWER:** Defendants deny the allegations in paragraph 57.

58. The misconduct described in this Count was undertaken pursuant to the policy and practice of the Riverdale Police Department in the manner described more fully in preceding paragraphs.

**ANSWER:** Defendants deny the allegations in paragraph 58.

**Count VI -- Section 1983**
**Conspiracy to Deprive Constitutional Rights**

59. Each of the Paragraphs of this Complaint is incorporated as if restated fully herein.

**ANSWER:** Defendants incorporate their answers to paragraphs 1 through 59 as though fully set forth herein.

60. After the robbery at issue here, the Defendants reached an agreement amongst themselves to frame Plaintiff for the crime, and to thereby deprive Plaintiff of his constitutional rights, all as described in the various Paragraphs of this Complaint.

**ANSWER:** Defendants deny the allegations in paragraph 60.

61. Independently, each of the Defendants further conspired, and continue to conspire, to deprive Plaintiff of exculpatory materials to which he was lawfully entitled and which would have led to his more timely exoneration of the false charges as described in the various Paragraphs of this Complaint.

**ANSWER:** Defendants deny the allegations in paragraph 61.

62. n this manner, the Defendant officers, acting in concert with other unknown co-conspirators, including persons who are not members of the Riverdale Police Department, have conspired by concerted action to accomplish an unlawful purpose by an unlawful means.

**ANSWER:** Defendants deny the allegations in paragraph 62.

63. In furtherance of the conspiracy, each of the co-conspirators committed overt acts and was an otherwise willful participant in joint activity.

**ANSWER:** Defendants deny the allegations in paragraph 63.

64. As a direct and proximate result of the illicit prior agreement referenced above, Plaintiff's rights were violated, and he suffered financial damages, as well as severe emotional distress and anguish.

**ANSWER:** Defendants deny the allegations in paragraph 64.

65. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others. The misconduct described in this Count was undertaken pursuant to the policy and practice of the Riverdale Police Department in the manner described more fully in preceding paragraphs, and was tacitly ratified by policy-makers for the Village of Riverdale with final policymaking authority.

**ANSWER:** Defendants deny the allegations in paragraph 65.

**COUNT VII -- State Law C1aim**
**Respondeat Superior**

66. Each of the foregoing Paragraphs is incorporated as if restated fully herein.

**ANSWER:** Defendants incorporate their answers to paragraphs 1 through 66 as though fully set forth herein.

67. In committing the acts alleged in the preceding paragraphs, the Defendant Officers were members and agents of the Riverdale Police Department acting at all relevant times within the scope of their employment.

**ANSWER:** Defendants deny any misconduct, but admit that actions with respect to Plaintiff were taken within the scope of their employment as police officers for the Village of Riverdale.

68. Defendant Village of Riverdale is liable as principal for all torts committed by its agents.

**ANSWER:** Defendants deny the allegations in paragraph 68.

**COUNT VIII --- State Law Claim**
**Indemnification**

69. Each of the foregoing Paragraphs is incorporated as if restated fully herein.

**ANSWER:** Defendants incorporate their answers to paragraphs 1 through 69 as though fully set forth herein.

70. Illinois law provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

**ANSWER:** Defendants deny sufficient knowledge and information to either admit or deny the allegations of paragraph 70.

71. The Defendant Officers are or were employees of the Riverdale Police Department, who acted within the scope of their employment in committing the misconduct described herein.

**ANSWER:** Defendants deny committing any misconduct, but admit that actions with respect to Plaintiff were taken within the scope of their employment as police officers for the Village of Riverdale.

**WHEREFORE**, Dennis J. Reilly, Anthony Fionda, James L. Beatty, Detective Dempsey and Detective Graziano, in their individual capacity, and the Village of Riverdale, deny that they are liable in any sum whatsoever and pray for judgment on their behalf and for costs and fees.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE:
### Qualified Immunity

NOW COME Defendants, Dennis J. Reilly, Anthony Fionda, James L. Beatty, Detective Dempsey and Detective Graziano, in their individual capacity, and the Village of Riverdale, by

and through their attorneys Tribler Orpett & Meyer, P.C. and plead the following as their First Affirmative Defense:

Under the totality of the circumstances, reasonably competent police officers would not have concluded that Dennis J. Reilly, Anthony Fionda, James L. Beatty, Detective Dempsey and Detective Graziano lacked probable cause to issue the criminal charges against Plaintiff. Furthermore, under the totality of the circumstances, reasonably competent police officers would not have concluded that the actions of Dennis J. Reilly, Anthony Fionda, James L. Beatty, Detective Dempsey and Detective Graziano violated Plaintiff's constitutional rights and, therefore, Defendants are entitled to qualified immunity.

WHEREFORE, Defendants, Dennis J. Reilly, Anthony Fionda, James L. Beatty, Detective Dempsey and Detective Graziano, in their individual capacity, and the Village of Riverdale, asserts they are immune from liability to Plaintiff and that Plaintiff is not entitled to the relief he seeks and that Plaintiff is not entitled to recover any sum of money whatsoever.

**SECOND AFFIRMATIVE DEFENSE:**
**745 ILCS 10/2-202 AND 745 ILCS 10/2-109**

NOW COME Defendants, Dennis J. Reilly, Anthony Fionda, James L. Beatty, Detective Dempsey and Detective Graziano, in their individual capacity, and the Village of Riverdale, by and through their attorneys Tribler Orpett & Meyer, P.C. and pleads the following as their Second Affirmative Defense:

Defendants, Dennis J. Reilly, Anthony Fionda, James L. Beatty, Detective Dempsey and Detective Graziano, were acting in the execution or enforcement of laws within the meaning of Section 2-202 of the Tort Immunity Act (745 ILCS 10/2-202), and are entitled to immunity therein unless Plaintiff establishes that these Defendants engaged in willful and wanton misconduct with respect to Plaintiff, and the Village of Riverdale is entitled to immunity,

derivatively, under Section 2-109 of the Tort Immunity Act (745 ILCS 10/2-109).

WHEREFORE, Defendants, Dennis J. Reilly, Anthony Fionda, James L. Beatty, Detective Dempsey and Detective Graziano and the Village of Riverdale, assert that they are immune from liability to Plaintiff and that Plaintiff is not entitled to the relief he seeks and that Plaintiff is not entitled to recover any sum of money whatsoever.

**THIRD AFFIRMATIVE DEFENSE:**
**745 ILCS 10/2-201 AND 745 ILCS 10/2-109**

NOW COMES Defendants, Dennis J. Reilly, Anthony Fionda, James L. Beatty, Detective Dempsey and Detective Graziano, in their individual capacity, and the Village of Riverdale, by and through their attorneys Tribler Orpett & Meyer, P.C. and pleads the following as their Third Affirmative Defense:

At all relevant times, Defendants, Dennis J. Reilly, Anthony Fionda, James L. Beatty, Detective Dempsey and Detective Graziano, were exercising discretion in their acts and the determination of policy within the meaning of Section 2-201 of the Tort Immunity Act (745 ILCS 10/2-201), and, therefore, are entitled to absolute immunity in connection with Plaintiff's claim, and the Village of Riverdale is entitled to this immunity, derivatively, under Section 2-109 of the Tort Immunity Act (745 ILCS 10/2-109)

WHEREFORE, Defendants, Dennis J. Reilly, Anthony Fionda, James L. Beatty, Detective Dempsey and Detective Graziano and the Village of Riverdale assert that they are immune from liability to Plaintiff and that Plaintiff is not entitled to the relief he seeks and that Plaintiff is not entitled to recover any sum of money whatsoever.

**FOURTH AFFIRMATIVE DEFENSE:**
**Comparative Negligence**

NOW COME Defendants, Dennis J. Reilly, Anthony Fionda, James L. Beatty, Detective

Dempsey and Detective Graziano, in their individual capacity, and the Village of Riverdale, by and through their attorneys, Tribler Orpett & Meyer, P.C., and, pursuant to 735 ILCS 5/2-613(d) and 735 ILCS 5/2-1116, plead as an affirmative defense of contributory and comparative negligence limiting the recovery of Plaintiff, Charles Simmons, Jr., and states as follows:

1. That Plaintiff, Charles Simmons, Jr., pleads in his Complaint that on or about June 25, 2005, he was injured by alleged force used by various officers while they were acting within the scope of their employment of the Village of Riverdale.

2. That Defendants, Dennis J. Reilly, Anthony Fionda, James L. Beatty, Detective Dempsey and Detective Graziano and the Village of Riverdale have answered Plaintiff's Complaint denying that they are legally liable for alleged injuries to Plaintiff.

3. That, if Plaintiff should obtain any judgment for damages against a Defendant in this action, said judgment for damages will be barred and set aside because Plaintiff was guilty of comparative fault in excess of 50% which proximate caused his own injuries.

4. That, in the alternative, if judgment for damages is rendered in the cause herein in favor of Plaintiff and against Defendants, then these Defendants are entitled to a reduction of those damages in the amount that such damage was caused or contributed to be caused by Plaintiff's own fault or negligence.

5. That Plaintiff was guilty of the following acts of negligence or omissions which contributed to cause his own injuries:

(a) used excessive force and assaulted a police officer;

(b) failed to act as a reasonably prudent person would with respect to Defendants;

(c) raised his voice and was otherwise uncooperative with Defendants;

(d) failed to abide by instructions and orders by police officers; and

(e) was otherwise careless, negligent and uncooperative with respect to Defendants.

6. That Plaintiff's acts of negligence were fault contributed to over 50% of the proximate cause of the accident or his own injuries or, in the alternative, Defendants are entitled to reduction of any damages recovered by Plaintiff to the extent of Plaintiff's own contributory fault or negligence.

WHEREFORE, Defendants, Dennis J. Reilly, Anthony Fionda, James L. Beatty, Detective Dempsey and Detective Graziano and the Village of Riverdale, pray that any judgment for damages against them and in favor of Plaintiff be set aside and barred by the Plaintiff's own fault and negligence which contributed to over 50% of the proximate cause of such accident or injuries or, in the alternative, pray that the amount of any judgment for damages against these Defendants and in favor of Plaintiff be reduced by that percentage to which Plaintiff's own negligence or fault contributed to such damages.

## JURY DEMAND

Defendants respectfully request trial by jury.

Respectfully Submitted,

s/ Glenn Fischer
Attorney for Defendants, Village of Riverdale, Dennis J. Reilly, Anthony Fionda, James L. Beatty, Detective Dempsey, and Detective Graziano

Glenn Fischer
ARDC #6224915
TRIBLER ORPETT & MEYER, P.C.
225 W. Washington, Suite 1300
Chicago, Illinois 60606
(312) 201-6400

**CERTIFICATE OF SERVICE**

The undersigned attorney deposes and states that a copy of **Defendants' Village of Riverdale, Dennis J. Reilly, in his individual capacity, Anthony Fionda, in his individual capacity, James L. Beatty, in his individual capacity, Detective Dempsey, in his individual capacity, and Detective Graziano, in his individual capacity,** was served on:

Arthur Loevy, Esq
Jon Loevy, Esq.
Kurt Feuer, Esq.
Loevy & Loevy
312 North May Street, Suite 100
Chicago, IL 60607
arthur@loevy.com
jon@loevy.com
kurt@loevy.com

service was accomplished pursuant to ECF as to Filing Users and complies with LR 5.5 as to any party who is not a Filing User or represented by a Filing User by mailing a copy to the above-named attorney or party of record at the address listed above, from 225 W. Washington Street, Suite 1300, Chicago, IL 60606, prior to 5:00 p.m. on the 7th day of August, 2007, with proper postage prepaid.

Respectfully Submitted,

s/ Glenn Fischer
Attorney for Defendants, Village of Riverdale, Dennis J. Reilly, Anthony Fionda, James L. Beatty, Detective Dempsey, and Detective Graziano

Glenn Fischer
ARDC #6224915
TRIBLER ORPETT & MEYER, P.C.
225 W. Washington, Suite 1300
Chicago, Illinois 60606
(312) 201-6400