# FILED
copy

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

APR 17 2009
APR 17, 2009
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

CHARLES SIMMONS, JR., )
)
Plaintiff, )
)
v. )
)
THE VILLAGE OF RIVERDALE, DENNIS )
J. REILLY, Star #110, ANTHONY )
FIONDA, JAMES L. BEATTY, Star 141, )
DETECTIVE DEMPSEY, DETECTIVE )
GRAZIANO, and UNKNOWN )
RIVERDALE POLICE OFFICERS, )
)
Defendants. )

No. 07 C 2564

Judge Milton L. Shadur

Magistrate Judge Maria Valdez

## MOTION FOR ENTRY OF RULE TO SHOW CAUSE

Defendants, Dennis J. Reilly, Anthony Fionda, James L. Beatty, Detective Dempsey and

Detective Graziano, in their individual capacity, and the Village of Riverdale, by and through

their attorneys, Tribler Orpett & Meyer, P.C., move this Honorable Court to issue a Rule to

Show Cause pursuant to Rule 45(e) seeking cause as to why Evelyn Simmons and Charles Hardy

to show cause as to why they should not be held in contempt for their failure to respond to

lawfully issued subpoenas and order payment of fees and costs so wrongfully incurred. In

support of their Motion, Defendants state:

1.     Plaintiff filed a lawsuit alleging violation of his civil rights and pendent state law

claims.

2.     Plaintiff disclosed his sister, Evelyn Simmons, as a person with knowledge on his

Rule 26(a) disclosures. Witnesses have testified that Evelyn Simmons was present with Plaintiff

that day prior to his arrest. Plaintiff lives with Evelyn Simmons among other family members.

3.     There has also been testimony as to whether Charles Hardy was present at

Plaintiff's home the night before and morning of Plaintiff's arrest.

4.     Defendants have advised Plaintiff of their intention to depose Evelyn Simmons since July 2008 and Charles Hardy since on or about October or November 2008.

5.     On July 1, 2008, Plaintiff's counsel sent email correspondence stating that Plaintiff would produce his sisters, among other witnesses, without the necessity of a subpoena. (*See* July 1, 2008 email attached as Exhibit A.)

6.     Thereafter, there were multiple correspondences exchanged between the parties in an attempt to coordinate both Evelyn Simmons and Charles Hardy's deposition for several months. To date, there has been extensive communication via correspondence and telephone to simply secure these depositions.

7.     In November 2008, Lorraine and Evelyn Simmons appeared for their deposition. Lorraine's deposition proceeded first and did not end until approximately 3:00 p.m. or 4:00 p.m. Everyone, including Evelyn Simmons, agreed to continue her deposition to a mutually convenient date based upon the time.

8.     Thereafter, Defendants continued their efforts to secure the depositions of not only Evelyn Simmons, but also Charles Hardy. To date, both have failed to appear for their depositions on multiple occasions despite being personally served with a subpoena.

9.     In December 2008, Plaintiff's position changed with respect to production of Evelyn Simmons. Plaintiff's counsel sent multiple correspondences advising that Plaintiff is not undertaking to produce anyone. This is despite the fact that the witnesses, at that time, were Plaintiff's sisters and his brother-in law, that he lived with his sister, and he identified both sisters as witnesses on his Rule 26(a) disclosures. (*See* December 4, 2008 and December 22, 2008 correspondences attached as Group Exhibit B.)

10.     Thereafter, in January 2009, Defendants issued subpoenas for the depositions of several identified witnesses, including Evelyn Simmons (Plaintiff's sister), Veuncle Hardy (Plaintiff's sister) and Charles Hardy (Plaintiff's brother in-law). (*See* Subpoenas attached as Group Exhibits C.)  Service was attempted via Federal Express in order for the witnesses to sign for receipt of the summons.  The witnesses were aware of Defendants desire for their deposition and that a subpoena would be forthcoming.  Despite this fact, none of the deponents were served.

11.     In February 2009, Defendants issued another set of subpoenas to several witnesses, including the aforementioned individuals, and retained a special process server to personally serve each witness. (*See* Subpoenas attached as Group Exhibit D.)  Charles and Veuncle Hardy were personally on February 3, 2009 requiring them to appear for their on February 13, 2009. (*See* Affidavits of Service, attached as Group Exhibit E.)

12.     Evelyn Simmons was also personally served on February 3, 2009, requiring her to appear for her deposition on February 11, 2009. (*See* Affidavit of Service for Evelyn Simmons attached as Exhibit F.)  The affidavit reflects service on a 50 year old African-American female. S.S. was also personally served on that day and time. (*See* Affidavit of Service for S.S., attached as Exhibit G.)  S.S. and Evelyn are sisters and live with Lorraine Simmons (their mother) and Plaintiff.  Service upon S.S. was accepted by a 30 year old African-American female.  The affidavit describes further details of said service.

13.     Based upon the testimony, Evelyn is not 50 years old and S.S. is not 30 years old. Therefore, it appears Lorainne Simmons identified herself as Evelyn and Evelyn identified herself as S.S. while accepting service.  This is further confirmed in a February 13, 2009 affidavit from the process server. (*See* Affidavit of Service, attached as Exhibit H.)  Evelyn lives

with her mother and, therefore, personal service upon her mother would be proper via substitute service, despite Lorraine and Evelyn misleading the process server.

14.     On February 11, 2009, Evelyn Simmons failed to appear for her subpoenaed deposition. On that day, at approximately 10:50 a.m., Plaintiff's counsel sent email correspondence advising that she spoke with Lorraine Simmons. Lorraine advised that Evelyn was not home and did not believe Evelyn received a subpoena. This is despite the fact that Lorraine herself accepted service on behalf of Evelyn by wrongfully identifying herself as Evelyn at the same time Evelyn wrongfully identified herself as S.S. and accepted service on her behalf.

15.     On February 12, 2009, Plaintiff's counsel advised that she spoke with Veuncle Hardy and learned that both Hardy's were unable to appear for their subpoenaed deposition set for February 13, 2009 due to conflicting work schedules. Veuncle requested any Tuesday for both her and her husband to appear. Defendants agreed to accommodate the Hardy's request and continued the deposition to March 3, 2009. This agreement was further confirmed via correspondence and in open court.

16.     On March 3, 2009, both Charles and Veuncle Hardy failed to appear for their subpoenaed depositions to begin at 10:00 a.m. Both Plaintiff's counsel and I waited for approximately an hour with the court reporter for them to appear. Neither deponent bothered to even call advising that they would not be appearing. Further egregious is the fact that the date and time was specifically moved based upon their request. This resulted in wasted time and expense for a court reporter appearance in the amount of $115.00.

17.     Later that day, Plaintiff's counsel sent an email correspondence advising that the Hardy's were unable to appear due to work and wanted to "reschedule." While Defendants

certainly understand unexpected work conflicts, there is no excuse for not simply calling to advise that they would not appear instead of allowing everyone to waste time and money.

18.     On March 17, 2009, Defendants sent correspondence requesting firm dates for said depositions or that they would be forced to seek court intervention.

19.     On February 20, 2009, Plaintiff's counsel sent correspondence requesting that Charles Hardy, Veuncle Hardy, and Evelyn Simmons be deposed on March 31, 2009 starting at 10:00 a.m. to accommodate their travel and work schedules. Defendants once again agreed to the deponents' request, prior to seeking court intervention, and continued the deposition to March 31, 2009. These depositions were confirmed via email on March 27, 2009 and March 30, 2009 with Plaintiff's counsel.

20.     Despite changing the date to accommodate their schedules and the fact that said witnesses were under subpoena, Evelyn Simmons and Charles Hardy failed to appear for their depositions to begin at 10:00 a.m. Plaintiff's counsel contacted Defense counsel at approximately 9:58 a.m. to advise that Veuncle Hardy was at her mothers' house at the time and could appear at noon. Veuncle Hardy's deposition proceeded that day. Yet, Charles Hardy and Evelyn Simmons have not been deposed despite Defendants exhaustive efforts and accommodation to said deponents. Defendants also incurred unnecessary court reporter charges, because the court reporter had already appeared by 9:58 a.m. for the 10:00 a.m. deposition, not to mention the wasted time incurred by counsel. Again, neither deponent provided any advance notice that they would not be appearing.

21.     Defendants have spent an inordinate amount of time and money to try and secure depositions of Plaintiff's own witnesses and family members. Plaintiff's have suggested "rescheduling" Evelyn's deposition, but have not sought to reschedule Charles Hardy. Plaintiff

has also subpoenaed Evelyn's deposition, despite Defendants having a pending subpoena outstanding and Evelyn failing to appear on multiple dates. Defendants object to said subpoena and further state that the assumption that Evelyn Simmons would appear at a deposition that Plaintiff "subpoenaed" and not Defendants' shows a further lack of respect for the judicial process and Defendants. The method of service of said subpoena further demonstrates how Evelyn Simmons has played games with Defendants and the judicial process.

22.     Defendants want to depose both Charles Hardy and Evelyn Simmons and can no longer simply agree to "reschedule" their depositions based upon their lack of respect for the judicial process and Defendants and uncertainty as to whether they will appear.

23.     Defendants are severely prejudiced in the defense of this case without the depositions of Charles Hardy and Evelyn Simmons.

24.     Defendants move for Charles Hardy and Evelyn Simmons to appear and show cause why they should not be held in contempt of court for failing to appear for their depositions on multiple occasions pursuant to subpoena. Defendants further seek said deponents to pay costs of $230.00 for the unnecessary court reporter charges. Defendants should not be obligated to pay such costs. Defendants have already wasted considerable time and expense in attempting to procure said depositions

WHEREFORE, defendants Dennis J. Reilly, Anthony Fionda, James L. Beatty, Detective Dempsey and Detective Graziano, in their individual capacity, and the Village of Riverdale respectfully request that this Court enter a Rule to Show Cause against Evelyn Simmons and Charles Hardy, pursuant to FRCP 45(e), seeking said individuals to appear and show cause why they should not be held in contempt of Court for failure to respond to Defendants' subpoena, in addition to costs and attorneys' fees expended and court reporter costs in the amount of $230.00,

and any further relief this Court deems fair and just.

Respectfully submitted,

TRIBLER ORPETT & MEYER, P.C.

By:    s/ William B. Oberts

One of their attorneys

Michael J. Meyer
William B. Oberts
TRIBLER ORPETT & MEYER, P.C.
225 West Washington Street, Suite 1300
Chicago, Illinois 60606
Telephone:  (312) 201-6400

>>
>>
>>
>> This e-mail, including attachments, contains information that is
> confidential and it may be protected by the attorney-client or other
> privileges.  This e-mail, including attachments, constitutes
> non-public information intended to be conveyed only to the designated recipient(s).
> If you are not an intended recipient, please delete this e-mail,
> including attachments, and notify me by return mail, e-mail, or
> telephone.  The unauthorized use, dissemination, distribution, or
> reproduction of this e-mail, including attachments, is prohibited and
> may be unlawful.
>>
>>
>>
>>
>> From: kurt feuer [mailto:kfeuer9@hotmail.com]
>> Sent: Tuesday, July 01, 2008 2:46 PM
>> To: Bill Oberts
>> Subject: RE: Arthur Loevy's Availability for Depositions
>>
>> Dear Bill:
>>
>> I am writing to confirm that Art Loevy will be deposing Reilly and
> Fionda at Loevy and Loevy on 7/14 at 10 a.m.  Unfortunately, in the
> two weeks that have elapsed since we sent you dates that Art was
> available, the 7/22 date is no longer available.  He can take the
> other three defendants' depositions in August other than on the 8th,
> the 11th and the 15th.  Please let us know when we can depose these defendants.
>>
>> I can cover the conclusion of Plaintiff's depo on the 25th but am
> waiting to hear back from him as to his availability.
>>
>> With respect to his sisters and girlfriend, we will make them
> available without subpoena and I will get dates when they are available.
> I suggest we schedule all of the defendants' depositions, however,
> before we schedule any non-party deps, especially since our notice of
> defendants' deps long predates your notice of Plaintiff's dep.
>>
>> Kurt
>>
>>
>>
>>
>> Subject: RE: Arthur Loevy's Availability for Depositions
>> Date: Tue, 1 Jul 2008 10:19:21 -0500
>> From: wboberts@TRIBLER.COM
>> To: kfeuer9@hotmail.com; ccawr@aol.com
>>
>> Kurt/Andy,
>>
>> I can present Sgt. Reilly and Sgt. Fionda on July 14, 2008.  I
>> suggest
> we start at 10:00 a.m.
>>
>> I can present Det. Graziano and Sgt. Dempsey on July 22, 2008.
>> Again,
> I suggest we start at 10:00 a.m.
>>
>> Officer Beatty is unavailable for the dates referenced below.  Please
> provide additional dates in which you are available for July and August.
>>
>> I want to depose Plaintiff's mother, both sisters and Jaselin Hill.
>> I
> plan on proceeding with at least two of their depositions on July 16th.
> Please advise whether a subpoena is necessary or whether you will
> produce Plaintiff's mother and sisters.  If a subpoena is required,

## Debra Ciancanelli

**From:** Bill Oberts
**Sent:** Monday, December 15, 2008 3:56 PM
**To:** Debra Ciancanelli
**Subject:** FW: Simmons v. Riverdale

Please save into legal files and label accordingly.

Also print a copy for the file.

Thanks.

**William B. Oberts**
**Tribler Orpett & Meyer, P.C.**
Phone: 312-201-6400
Fax: 312-201-6401

This e-mail, including attachments, contains information that is confidential and it may be protected by the attorney-client or other privileges. This e-mail, including attachments, constitutes non-public information intended to be conveyed only to the designated recipient(s). If you are not an intended recipient, please delete this e-mail, including attachments, and notify me by return mail, e-mail, or telephone. The unauthorized use, dissemination, distribution, or reproduction of this e-mail, including attachments, is prohibited and may be unlawful.

---

**From:** Elizabeth Mazur [mailto:ElizabethM@loevy.com]
**Sent:** Thursday, December 04, 2008 7:30 PM
**To:** Bill Oberts
**Subject:** Re: Simmons v. Riverdale

Hi Bill,

Thanks for your message, and thank you for modifying that subpoena. Unfortunately, I don't have copies of any other subpoenas from you in my office, and I got copied on a letter from Levinsohn today which indicates you subpoenaed records from him as well. I am sure that you arranged to send us subpoena notices, and it may well be my office's fault that I have not seen them. In any event, could I ask you to send me copies of all subpoenas you recently issued?

As for the deps, Charles Simmons Sr. is available on 1/5/09 at 11am. Jaselyn is available on 1/6/09 at 2pm. Evelyn wants to reschedule, and I hope to get her for one of the other dates you offered, but it has been difficult to reach her as she does not currently have a phone.

Just to clarify as we go forward, Plaintiffs are not undertaking to produce anyone, though we will certainly facilitate scheduling the depositions of any other relevant witnesses, provide you with any responsive information Charles has to your discovery requests, and update the addresses of witnesses we have disclosed. To that end, I will give you Evelyn's and Veuncie's new address as soon as I have them. You should have current addresses for everyone else we have disclosed. We also did not disclose Vivian, though I believe Mrs. Simmons testified that she lived with her. Of course you don't need me to tell you this, but it may be in your best interest to mail subpoenas to any witnesses you want to depose regardless of whether I believe I can get them there. And I'm sure folks who will be coming from a distance (like Jaselyn from Crete) will appreciate the witness fee.

Right now we do not see the relevance of Jaselyn's mother, Charles Sr.'s girlfriend, or Charles Jr.'s current

12/15/2008

# LOEVY & LOEVY
### ATTORNEYS AT LAW

Jon Loevy
Michael Kanovitz
Russell Ainsworth
Mark Loevy-Reyes
Gayle Horn
Elizabeth Mazur
Debbie Loevy-Reyes

Telephone  312.243.5900
Facsimile  312.243.5902

312 N. May Street
Suite 100
Chicago, Illinois 60607

Arthur Loevy
Danielle Loevy
Samantha Liskow
Tara Thompson
Kurt Feuer
Roshna Balasubramanian
Elizabeth Wang

Website  www.loevy.com
E-mail  loevylaw@loevy.com

December 22, 2008

*By facsimile and first class mail*
William Oberts
Tribler, Orpett & Meyer, P.C.
225 W. Washington Street, Suite 1300
Chicago, IL 60606

Re: *Charles Simmons, Jr. v. Dennis J. Reilly, et al.*, 07 C 2564

Dear Mr. Oberts,

I am writing in response to your December 15, 2008 letter concerning various discovery issues. Regarding the depositions of Charles Simmons, Sr., and Jaselyn Hill, as I stated in my December 4 email, we are not undertaking to produce these witnesses. I have contacted these witnesses and will do my best to make sure these depositions go forward as scheduled, but I think it is up to you to decide whether you want to serve them with subpoenas.

I have not had contact with any of the other witnesses you want to depose (with the exception, of course, of the time that Mrs. Simmons brought Evelyn to your office for a deposition). Veuncle Hardy's address is 1054 Harrison, Gary, IN 46402. Mr. Simmons is still trying to find out Evelyn's address. Aside from Evelyn, you should have current addresses for everyone else we have disclosed. As of right now, I am free for depositions on January 13, 14, 15, 16, 19, 20, 21, 22, 23, 26, 27, 28, 29 and February 2, 4, 5, 6, 10, 11, 12, 13, 16, 17, and 18.

Also, as I previously stated, we do not see the relevance of Jaselyn's mother, Charles Sr.'s girlfriend, or Charles Jr.'s current girlfriend. Furthermore, we do not think it would be appropriate to depose Shavonne, who is only 12 years old. To the extent that we are in disagreement over these witnesses, I would suggest that we hold off on their depositions until after we have taken the depositions of Charles Sr. and Jaselyn, who will likely give testimony that will shed light on their relevance. As always, thank you for your cooperation in this matter.

Sincerely,

Elizabeth Mazur

AO88 (Rev. 1/94) Subpoena in a Civil Case

### Issued by the

# UNITED STATES DISTRICT COURT

### NORTHERN DISTRICT OF ILLINOIS

Charles Simmons, Jr.

**V.**

**SUBPOENA IN A CIVIL CASE**

Village of Riverdale, Dennis J. Reilly, Star #110
et al

Case Number:[1]  07 C 2564

TO:
    Evelyn Simmons, 3106 West 61st Street, Apt. # 2 Chicago, IL 60629

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below
testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition
in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Tribler Orpett & Meyer, P.C. 225 West Washington St Ste 1300 Chicago, IL 60606 | 2/2/09 at 2:00 p.m. |

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the
place, date, and time specified below (list documents or objects):

***KINDLY CONTACT WILLIAM B. OBERTS AT (312) 201-6436 UPON RECEIPT OF THIS SUBPOENA***

| PLACE | DATE AND TIME |
|---|---|
| | |

G YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers,
directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated,
the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR | DATE |
|---|---|
| *[signature]*                                    Attorney for Defendants | January 20, 2009 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

William B. Oberts, Esq., Tribler Orpett & Meyer, P.C., 225 West Washington Street, Suite 1300, Chicago, IL 60606
(312) 201-6400

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

AO 88 (Rev. 1/94) Subpoena in a Civil Case

| | DATE | PLACE |
|---|---|---|
| **SERVED** | 1/21/09 | 3106 West 61 Street Chicago |

| **SERVED ON (PRINT NAME)** | **MANNER OF SERVICE** |
|---|---|
| Evelyn Simmons | Fedex |

| **SERVED BY (PRINT NAME)** | **TITLE** |
|---|---|
| Dennis A. Vai | Paralegal |

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on ___1/21/09___
         DATE

SIGNATURE OF SERVER

Tribler Orpett & Meyer, P.C.

ADDRESS OF SERVER       225 West Washington St
                        Ste 1300
                        Chicago IL 60606

**(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.**

    (1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

    (2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

    (2)(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection is made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

    (3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

       (i) fails to allow reasonable time for compliance;

       (ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of

clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

       (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

       (iv) subjects a person to undue burden.

    (B) If a subpoena

       (i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

       (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

       (iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

**(d) DUTIES IN RESPONDING TO SUBPOENA.**

    (1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

    (2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

AO88 (Rev. 1/94) Subpoena in a Civil Case

### Issued by the
# UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Charles Simmons, Jr. | **SUBPOENA IN A CIVIL CASE** |
| V. | |
| Village of Riverdale, Dennis J. Reilly, Star #110 et al | Case Number:¹  07 C 2564 |

TO:

Veuncle Hardy, 1054 Harrison, Gary, IN 46402

☐  YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☒  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Tribler Orpett & Meyer, P.C. 225 West Washington St Ste 1300, Chicago IL 60606 | 2/2/09 @ 10:00 a.m. |

☐  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

***KINDLY CONTACT WILLIAM B. OBERTS AT (312) 201-6436 UPON RECEIPT OF THIS SUBPOENA***

| PLACE | DATE AND TIME |
|---|---|
| | |

G  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR | DATE |
|---|---|
| [signature]                               Attorney for Defendants | January 20, 2009. |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

William B. Oberts, Esq., Tribler Orpett & Meyer, P.C., 225 West Washington Street, Suite 1300, Chicago, IL 60606 (312) 201-6400

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

AO 88 (Rev. 1/94) Subpoena in a Civil Case

| | DATE | PLACE |
|---|---|---|
| SERVED | 1/21/09 | 1054 Harrison Gary IN |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| Venuele Hardy | Fedex |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| Dennis A. Vai | Paralegal |

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on    1/21/09
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Tribler Orpett & Meyer, P.C.
225 West Washington St
Ste 1300
Chicago, IL 60606

**(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.**

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(2)(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection is made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of

clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, of commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

**(d) DUTIES IN RESPONDING TO SUBPOENA.**

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

564-22640

AO88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the

# UNITED STATES DISTRICT COURT

### NORTHERN DISTRICT OF ILLINOIS

Charles Simmons, Jr.

V.

**SUBPOENA IN A CIVIL CASE**

Village of Riverdale, Dennis J. Reilly, Star #110
et al

Case Number:[1]  07 C 2564

TO:

Charles Hardy, 1052 Harrison, Gary, IN 46402

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Tribler Orpett & Meyer, P.C. 225 West Washington Street Ste 1300, Chicago, IL 60606 | Feb 13, 2009 @ 2:00 PM |

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

***KINDLY CONTACT WILLIAM B. OBERTS AT (312) 201-6436 UPON RECEIPT OF THIS SUBPOENA***

| PLACE | DATE AND TIME |
|---|---|
| | |

**G** YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR | DATE |
|---|---|
| Attorney for Defendants | February 2, 2009 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

William B. Oberts, Esq., Tribler Orpett & Meyer, P.C., 225 West Washington Street, Suite 1300, Chicago, IL 60606
(312) 201-6400

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

Case 1:07-cv-02564    Document 52    Filed 04/17/2009    Page 16 of 22 840

AO88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the

## UNITED STATES DISTRICT COURT

### NORTHERN DISTRICT OF ILLINOIS

Charles Simmons, Jr.

**SUBPOENA IN A CIVIL CASE**

V.

Village of Riverdale, Dennis J. Reilly, Star #110
et al

Case Number:[1]  07 C 2564

TO:

Evelyn Simmons, 3106 West 61st Street, Apt. # 2 Chicago, IL 60629

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Tribler Orpett & Meyer, P.C. 225 West Washington St Ste 1300 Chicago, IL 60606 | Feb 11, 2009 at 2:00 p.m. |

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

***KINDLY CONTACT WILLIAM B. OBERTS AT (312) 201-6436 UPON RECEIPT OF THIS SUBPOENA***

| PLACE | DATE AND TIME |
|---|---|
| | |

**G** YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR | DATE |
|---|---|
| Attorney for Defendants | February 2, 2009 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

William B. Oberts, Esq., Tribler Orpett & Meyer, P.C., 225 West Washington Street, Suite 1300, Chicago, IL 60606
(312) 201-6400

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

SE4. 2584 1
25/26

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### CASE NO. 07 C 2564
#### AFFIDAVIT OF SPECIAL PROCESS SERVER

**Andre Kittles**, being first duly sworn on oath deposes and says that he served process in the above mentioned cause.
That he served the within:

        (   ) Summons & Complaint
        (   ) Citation to Discover Assets
        (   ) Rule to Show Cause
        ( **X** ) Subpoena
        ( **X** ) Other: **Witness & Mileage Fee: $64.10**

1.    ( **X** ) By leaving a copy with the named party, **Charles Hardy** personally on **February 3, 2009.**

2.    (   ) On the within named party, -------, by leaving a copy with -------, -------, who states that they are a member of the household on -------, and informed that person of the contents thereof, and that further he mailed a copy of same in a sealed envelope with postage prepaid addressed to the party on -------.

3.    (   ) On the within party, ------- by leaving a copy with -------, on -------, and informed that person of the contents thereof.

4.    ( **X** ) That the sex, race and approximate age of the person with whom he left the documents were as follows:

SEX: **Male**          RACE: **African American**    APPROXIMATE AGE: **40**

5.    ( **X** ) That the place where and the time of day when the documents were served were as follows:

PLACE: **1052 Harrison, Gary, IN 46402**
TIME OF DAY: **5:30 PM**

6.    (   ) That he was unable to serve the within named party ------- located at -------- for the reason: -------

Signed and Sworn to before me
This 5th day of **February 2009.**

OFFICIAL SEAL
FELICIA CONROY
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:11/19/11

**Andre Kittles**
Special Process Server
IT'S YOUR SERVE, INC.
Private Detective No. 117-00088



## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### CASE NO. 07 C 2564
### AFFIDAVIT OF SPECIAL PROCESS SERVER

S84.228·)

2.5/35

**Andre Kittles**, being first duly sworn on oath deposes and says that he served process in the above mentioned cause.
That he served the within:

( ) Summons & Complaint
( ) Citation to Discover Assets
( ) Rule to Show Cause
( X ) Subpoena
( X ) Other: **Witness & Mileage Fee: $41.00**

1.    ( X ) By leaving a copy with the named party, **Evelyn Simmons** personally on **February 3, 2009.**

2.    ( ) On the within named party, -------, by leaving a copy with -------, -------, who states that they are a member of the household on -------, and informed that person of the contents thereof, and that further he mailed a copy of same in a sealed envelope with postage prepaid addressed to the party on -------.

3.    ( ) On the within party, ------- by leaving a copy with  -------, on -------, and informed that person of the contents thereof.

4.    ( X ) That the sex, race and approximate age of the person with whom he left the documents were as follows:

SEX: **Female**        RACE: **African American**    APPROXIMATE AGE: **50**

5.    ( X ) That the place where and the time of day when the documents were served were as follows:

PLACE: **3106 West 61st St., Apt. #2, Chicago, IL 60629**
TIME OF DAY: **4:30 PM**

6.    ( X ) The following events occurred prior to service: A Female (African American, 50, 5'5", 175 lbs., black/gray hair, no glasses) answered the door. I asked for Evelyn Simmons, and she stated "I'm Evelyn." I informed her she was served, and handed her the service documents.

Signed and Sworn to before me
This 12th day of February 2009.

OFFICIAL SEAL
NICOLE BRADFORD
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:10/23/12

Andre Kittles
Special Process Server
IT'S YOUR SERVE, INC.
Private Detective No. 117-000885



# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### CASE NO. 07 C 2564
### AFFIDAVIT OF SPECIAL PROCESS SERVER

**Andre Kittles**, being first duly sworn on oath deposes and says that he served process in the above mentioned cause.

That he served the within:

( ) Summons & Complaint
( ) Citation to Discover Assets
( ) Rule to Show Cause
( X ) Subpoena
( X ) Other: **Witness & Mileage Fee: $41.00**

1. ( X ) By leaving a copy with the named party, ~~S.S~~ personally on **February 3, 2009.**

2. ( ) On the within named party, -------, by leaving a copy with -------, -------, who states that they are a member of the household on -------, and informed that person of the contents thereof, and that further he mailed a copy of same in a sealed envelope with postage prepaid addressed to the party on -------.

3. ( ) On the within party, ------- by leaving a copy with -------, on -------, and informed that person of the contents thereof.

4. ( X ) That the sex, race and approximate age of the person with whom he left the documents were as follows:

**SEX: Female        RACE: African American        APPROXIMATE AGE: 30**

5. ( X ) That the place where and the time of day when the documents were served were as follows:

**PLACE: 3106 West 61st St., Apt. #2, Chicago, IL 60629**
**TIME OF DAY: 4:30 PM**

6. ( X ) That the following events occurred prior to service:  A Female (African American, 50, 5'5", 175 lbs., black/gray hair, no glasses) answered the door. I asked for ▓▓▓▓▓▓▓▓ and the Female stated "she's in the back." Another Female came to the door (African American, approx. 30, 5'6", 150 lbs., black braided hair) and stated "I'm ▓▓▓▓▓▓." I informed her she was served, and handed her the service documents.

Signed and Sworn to before me
This 12th day of February 2009.

_____

OFFICIAL SEAL
NICOLE BRADFORD
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:10/23/12

_Andre Kittles_

Andre Kittles
Special Process Server
IT'S YOUR SERVE, INC.
Private Detective No. 117-000885



# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
## CASE NO. 07 C 2564
### AFFIDAVIT OF SPECIAL PROCESS SERVER

**Andre Kittles**, being first duly sworn on oath deposes and says that he served process in the above mentioned cause.
That he served the within:

( ) Summons & Complaint
( ) Citation to Discover Assets
( ) Rule to Show Cause
( X ) Subpoena
( X ) Other: **Witness & Mileage Fee: $41.00**

1.   ( X ) **Upon the woman in the attached photographs who upon service, stated "I'm Evelyn" when I asked for Evelyn Simmons on February 3, 2009.**

2.   ( ) On the within named party, -------, by leaving a copy with -------, -------, who states that they are a member of the household on -------, and informed that person of the contents thereof, and that further he mailed a copy of same in a sealed envelope with postage prepaid addressed to the party on -------.

3.   ( ) On the within party, ------- by leaving a copy with -------, on -------, and informed that person of the contents thereof.

4.   ( X ) That the sex, race and approximate age of the person with whom he left the documents were as follows:

SEX: **Female**          RACE: **African American**     APPROXIMATE AGE: **50**

5.   ( X ) That the place where and the time of day when the documents were served were as follows:

PLACE: **3106 West 61st St., Apt. #2, Chicago, IL 60629**
TIME OF DAY: **4:30 PM**

6.   ( ) That he was unable to serve the within named party ------- located at -------- for the reason: -------

Signed and Sworn to before me
This 13th day of February 2009.

Andre Kittles
Special Process Server
IT'S YOUR SERVE, INC.
Private Detective No. 117-000885

OFFICIAL SEAL
NICOLE BRADFORD
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:10/23/12





